UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN JANOSKY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:15-cv-12929-IT |
| | * |
| MASSACHUSETTS PARTNERSHIP | * |
| FOR CORRECTIONAL HEALTHCARE, | * |
| QUALITY PLAN ADMINISTRATORS, | * |
| INC., CAROL HIGGINS O'BRIEN, and | * |
| ERNEST LIACOPULOS, | * |
| | * |
| Defendants. | * |

ORDER

June 3, 2016

TALWANI, D.J.

Presently before the court are Plaintiff Sean Janosky's Motion for Summary Judgment [#14], Defendant Carol Higgins O'Brien's Motion to Dismiss [#30], and Defendants Ernest Liacopulos' and Massachusetts Partnership for Correctional Healthcare's Motion to Dismiss [#33].  All Defendants move to dismiss Janosky's Complaint [#1] on numerous grounds.

Three of those grounds misconstrue the complaint and are not a basis for dismissal.  First, Defendants argue that claims relating to dental treatment Janosky received before June 9, 2012, are barred by the three-year statute of limitations for tort actions.  See Mass. Gen. Laws ch. 260, § 2A.  However, a fair reading of the complaint and Janosky's opposition make clear that the complaint is directed at facts occurring no earlier than June 2013.

Second, Defendants contend that Janosky lacks standing to seek relief under the Sullivan decisions referenced in the complaint.  The court understands Janosky to assert that the Sullivan decisions are relevant persuasive authority, and not that he is seeking to enforce those judgments.

Third, Defendants argue that Janosky lacks standing to seek relief for other inmates. See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (rejecting third-party lay representation of one prisoner by another); Local Rule 83.5.5(b) (prohibiting representation by non-attorneys). Janosky's opposition makes clear that he has included information about the dental care other inmates received to support his personal claims only and that he does not seek relief for anyone other than himself.[1]

Defendants' remaining arguments raise more difficult issues. Defendants argue that Janosky lacks standing to enforce the contract between the Department of Correction and the Massachusetts Partnership for Correctional Health and to seek relief under Department of Correction policies; that Janosky's complaint fails to state a claim for relief under the Eighth Amendment; and that the Defendants are entitled to qualified immunity. In making these arguments, Defendants attempt to discern causes of action from Janosky's *pro se* complaint. That complaint sets forth factual allegations and requests for relief but does not identify any single cause of action, making review of Janosky's claims difficult. In light of this lack of clarity as to Janosky's legal theories, and Janosky's request for leave to amend included in his opposition, the court will allow Janosky to amend his complaint without reaching Defendants' further arguments at this time.

Accordingly, Janosky may file a first amended complaint no later than July 1, 2016. Pursuant to Federal Rule of Civil Procedure 8(a)(2), Janosky's first amended complaint shall contain "a short and plain statement of the claim showing that [he] is entitled to relief," and shall

---

[1] Janosky's opposition includes an affidavit of Robert Wallis, who states that he has a civil action pending in this court under the caption Wallis v. UMass Correctional Healthcare, et al., 14-cv-12683-IT. Wallis' action was dismissed without prejudice on September 26, 2014, for failure to pay the filing fee or seeking leave to proceed without payment of fees. See Order [#4] in Wallis v. UMass Correctional Health Care et al., Civ. No. 14-12683-IT.

identify the legal theory or theories which he contends entitle him to relief. In response to Janosky's first amended complaint, Defendants may renew those portions of their motions to dismiss that the court has not reached, if appropriate.

In light of the foregoing, O'Brien's <u>Motion to Dismiss</u> [#30], Liacopulos' and Massachusetts Partnership for Correctional Healthcare's <u>Motion to Dismiss</u> [#33], and Janosky's <u>Motion for Summary Judgment</u> [#14] are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date:   June 3, 2016                                    /s/ Indira Talwani
                                                         United States District Judge