UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN JANOSKY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 15-CV-12929-IT |
| | * |
| MASSACHUSETTS PARTNERSHIP | * |
| FOR CORRECTIONAL | * |
| HEALTHCARE, et al. | * |
| | * |
| Defendants. | * |
| | * |

MEMORANDUM & ORDER

March 28, 2017

TALWANI, D.J.

Plaintiff Sean Janosky, an inmate incarcerated at MCI-Norfolk, brings this civil rights action against Defendants Massachusetts Partnership for Correctional Healthcare ("MPCH"), the privately contracted medical provider for the Massachusetts Department of Corrections ("DOC"); Ernest Liacopulos, DDS, in his official capacity as the Director of Dental Services for MPCH; and Thomas A. Turco, III,[1] in his official capacity as the Massachusetts Commissioner of Correction. Before the court are MPCH and Liacopulos's Motion to Dismiss [#63] and Turco's Motion to Dismiss [#65].

---

[1] Plaintiff named Carol Higgins O'Brien in her official capacity as the Massachusetts Commissioner of Correction when he filed this action. Turco is now the Commissioner of Correction. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted for Carol Higgins O'Brien.

On July 9, 2015, Plaintiff filed his initial Complaint [#1], which set forth factual allegations and requests for relief but did not identify any cause of action. Plaintiff moved for summary judgment, Pl.'s Mot. Summ. J. [#14], and Defendants separately moved for dismissal of Plaintiff's claims, Def. Carol Higgins O'Brien's Mot. Dismiss [#30]; Defs.' Ernest Liacopulos, DDS & Mass. P'Ship for Correctional Healthcare's Mot. Dismiss [#33]. The court denied the three motions without prejudice on June 3, 2016, and granted Plaintiff leave to file an amended complaint which set forth the legal theories that he contends entitle him to relief, in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Order [#51].

Thereafter, Plaintiff filed his First Amended Complaint [#56]. Again, Plaintiff alleges no causes of action. He seeks a declaratory judgment that Defendants violated his "state and federal statutory, regulatory, and constitutional rights to freedom of cruel and/or unusual punishment, and equal protection without any rational basis for the difference in treatment against [him]." Id. ¶ a. He further seeks a declaration that Defendants have acted with "reckless and callous indifference under color of state law"; that Turco's acts and omissions are in breach of a state contract to which Plaintiff is not a party and that Plaintiff concedes was not in effect at the time of the alleged breach;[2] and that he has suffered injuries arising from MPCH's failure and refusal to supervise Liacopulos. Id. ¶¶ b-d. Additionally, he seeks an injunction ordering MPCH and Liacopulos "to repair and/or replace [his] plastic partial denture each time it breaks." Id. ¶ e.

As with the initial complaint, Plaintiff has failed to articulate the legal theories that he asserts entitle him to relief, despite the court's directive to "identify the legal theory or theories which he contends entitle him to relief." Order 3 [#51]. While the court is mindful that it must construe *pro se* complaints liberally, Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75-76 (1st

---

[2] See id. ¶ 24.

Cir. 2014), even *pro se* litigants are bound by the Federal Rules of Civil Procedure, F.D.I.C. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994). Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although "[n]o technical form is required," "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). That is not the case here.

To the extent that Plaintiff pleads claims under the Eighth and Fourteenth Amendments to the United States Constitution, these claims do not state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Therefore, in passing on a motion to dismiss, the court first "distinguish[es] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)). Next, the court "determine[s] whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Id. (quoting García-Catalán, 734 F.3d at 103).

With respect to the allegation that Defendants have violated his right to be free from cruel and unusual punishment, Plaintiff fails to adequately allege that Defendants have acted with deliberate indifference. A prisoner alleging inadequate medical care in violation of the Eighth Amendment must show "acts or admissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A showing of deliberate indifference "requires evidence that the failure in treatment was purposeful," such

as for the purpose of punishment. Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014). "The courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment." Id. (quoting Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993)). For instance, in Ferranti v. Moran, 618 F.2d 888 (1st Cir. 1980), the First Circuit concluded that, where the plaintiff had not unambiguously alleged the complete denial of care, his allegations that he had not received "sufficient" or "adequate" treatment posed a challenge to the quality of treatment received. Id. at 890-91. Since his claims amounted to a dispute over "the appropriate course of treatment" and the prison doctors' "exercise of professional judgment," he had not properly stated a claim for relief. Id. at 891.

Plaintiff alleges that the denial of his requests to repair and subsequently replace his partial denture amounts to a deprivation of "adequate dental care." 1st Am. Compl. ¶¶ 1, 8, 10, 16, 18 [#56]. Stripping the unsupported legal conclusions from the facts alleged in the amended complaint, Plaintiff alleges that prison officials have denied his requests on the basis that he "doesn't meet the criteria" for repair or replacement. Id. ¶¶ 10, 16, 18; see also 1st Am. Compl. Ex. B at 3, Ex. E at 6, Ex. H at 10 [#56-2] (Medical/Mental Inmate Grievance Decisions) (exhibits attached to the complaint showing that the requests were denied because they were not deemed medically necessary).[3] While Plaintiff contends that he does meet the criteria, he alleges only that Defendants have misinterpreted the criteria in breach of their contractual obligations to the Commonwealth of Massachusetts. Id. ¶¶ 19-20, 23-24. Further, although he alleges that other

---

[3] "Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quoting Fed. R. Civ. P. 10(c)).

4

prisoners have been provided dentures, see id. ¶ 21, he does not allege that he is being singled out for punishment or that the denial amounts to anything other than a disagreement about how to proceed with his treatment. Nor does he allege the outright denial of dental treatment. Because the substance of Plaintiff's challenge is a dispute about medical judgment, the court "will not second guess the doctors." Sires v. Berman, 834 F.2d 9, 13 (1st Cir. 1987).

  Further, Plaintiff's allegations, taken as a whole, do not establish the elements of an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment "prohibits a state from treating similarly situated persons differently because of their classification in a particular group." Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 105-06 (1st Cir. 2015). To survive a motion to dismiss, "a plaintiff not relying on typically impermissible bases for classification (e.g., race, religion, etc.) must show that [he] was intentionally treated differently from others similarly situated, that no rational basis existed for that difference in treatment, and that the different treatment was based on a malicious or bad faith intent to injure." Rocket Learning, Inc. v. Rivera-Sanchez, 715 F.3d 1, 10 (1st Cir. 2013) (internal quotation marks and brackets omitted). "Under rational basis scrutiny, a classification will withstand a constitutional challenge as long as it is rationally related to a legitimate state interest and is neither arbitrary, unreasonable nor irrational." D'Angelo v. N.H. Supreme Court, 740 F.3d 802, 806 (1st Cir. 2014) (quoting LCM Enters., Inc. v. Town of Dartmouth, 14 F.3d 675, 679 (1st Cir. 1994)). Plaintiff does not allege that his requests have been denied on the basis of his membership in a class, even a class of one, nor does he allege that Defendants have acted maliciously or in bad faith. Instead, Plaintiff alleges that his requests were denied based on the prison dental staff's conclusion that his partial denture was not medically necessary under DOC regulations. 1st Am. Compl. ¶ 10 [#56]; Ex. B at 3, Ex. E at 6, Ex. H at 10 [#56-2]. While Plaintiff alleges that

requests for the repair or replacement of partial or full dentures made by "similarly[-]situated" prisoners have been fulfilled, he does not allege how these prisoners are similarly situated to him. 1st Am. Compl. ¶ 21 [#56]; see also Ex. V [#56-5] (Affidavits of Brian Butler, Angel Cartagena, Jose Maldonado, Jose Raposa, Russell Snyder, Robert Wallis). For instance, he has not alleged that other prisoners' requests to repair or replace their dentures were granted despite being deemed medically unnecessary. Nor has he alleged that prison dental staff have determined as medically necessary the repair or replacement of partial dentures for prisoners with conditions identical or substantially similar to his own. The affidavits of fellow prisoners that Plaintiff has attached to the amended complaint shed no further light as to how Plaintiff is similarly situated to prisoners whose dentures have been repaired or replaced, other than that they also are prisoners who have requested dentures. See id.

While Plaintiff may disagree with Defendants' interpretation of the criteria set forth in the DOC regulations, he does not dispute that Defendants have concluded that a partial denture is not medically necessary. Plaintiff thus has not alleged sufficient facts to demonstrate that the denial was arbitrary, unreasonable, or irrational, nor has he alleged sufficient facts that could establish that no rational basis exists for the denial of his requests.

For the foregoing reasons, MPCH and Liacopulos's Motion to Dismiss [#63] and Turco's Motion to Dismiss [#65] are ALLOWED.

IT IS SO ORDERED.

Date: March 28, 2017 /s/ Indira Talwani
United States District Judge